EL PUEBLO, DEMANDANTE Y APELADO, *v.* CHEVALIER, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción del Reglamento de Sanidad.

No. 673.—Resuelto en abril 23, 1914.

INFRACCIÓN DE LOS REGLAMENTOS DE SANIDAD—URBANIZACIÓN DE TERRENOS PANTANOSOS—SUFICIENCIA DE LA DENUNCIA.—Cuando una denuncia fundada en la infracción del artículo 2 del Reglamento de Sanidad No. 6 de septiembre 18, 1912, está redactada empleando las palabras de dicho reglamento, tal denuncia es suficiente sin necesidad de expresar los actos de urbanización del terreno pantanoso ejecutados por el acusado.

ID.—URBANIZACIÓN DE TERRENOS PANTANOSOS—ARRENDAMIENTO O VENTA DE SO-
LARES—RESPONSABILIDAD DEL VENDEDOR.—El que arrienda o vende solares
húmedos y pantanosos para la construcción de casas en ellos sin haber antes
urbanizado el terreno de acuerdo con los requisitos que exige el Reglamento
de Sanidad No. 6 de septiembre 8, 1912, comete una infracción de dicho
reglamento, de la cual es él responsable y no los arrendatarios o compradores.

Los hechos están expresados. en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, fiscal.*

Abogado. del apelante: *Sr. Frank Antonsanti.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Al conocer el Tribunal de Distrito de San Juan, Sección 2ª., de este caso en grado de apelación, declaró al apelante culpable del delito de haber infringido la ley de Sanidad y le impuso como castigo el satisfacer una multa de $10 y en defecto de pago el de sufrir un día de arresto por cada dollar que de ella dejara de satisfacer y las costas. Esta sentencia ha sido apelada para ante nosotros por el sentenciado.

La denuncia que originó el fallo apelado, en lo necesario dice así:

"Yo, Juan Torres, vecino de San Juan, calle de Rafael Cordero número 67 de 36 años, formulo denuncia contra Bernabé Chevalier por delito de infracción al Reglamento de Sanidad No. 6 artículo 2, cometido de la manera siguiente: que en el día 21 de agosto de 1913, y en Santurce, barrio conocido por Melilla del Distrito Judicial Municipal de San Juan, el acusado arriba mencionado voluntaria y maliciosamente, destina a ser urbanizados terrenos húmedos y pantanosos, sin que previamente hayan sido saneados por el drenaje, la desecación, o la desinfección según el caso lo exije; y cuyos terrenos de su propiedad se encuentran en Santurce, Stop 22½ al Sur de la carretera militar, conocidos por barrio de Melilla, infringiendo de este modo el Reglamento de Sanidad No. 6, artículo 2."

Sostiene el apelante en su alegato que el tribunal sentenciador cometió error al no declarar con lugar la excepción perentoria que formuló contra la denuncia, fundada en que

no aduce hechos suficientes para imputar un delito, toda vez que sólo le acusa de destinar un terreno para fines de urbanización, sin expresar los hechos que ha realizado con tal propósito.

El artículo 2 del Reglamento de Sanidad No. 6 de 18 de septiembre, 1912 cuya infracción se alega dice así:

"Artículo 2.—Los terrenos que se destinan a ser urbanizados serán naturalmente secos y sanos; o si fuesen pantanosos, húmedos, o hubiesen servido anteriormente para depósitos de materias inmundas o de productos de industrias nocivas a la salud, o para cementerio o construcción o instalación donde pudieran depositarse inmundicias, serán previamente saneados por el drenaje, la desecación o la desinfección, según el caso lo exija; y no podrá antes de que haya sido saneado construirse en ellos edificio alguno, excepto aquellos provisionales para los fines de las propias obras. Una vez hecho el saneamiento de los terrenos, queda obligado su dueño a mantenerlos siempre en las mismas condiciones de salubridad."

Como se ve, la denuncia ha seguido las palabras de dicho reglamento y ya hemos declarado en varias ocasiones que en tal caso la denuncia es suficiente, a menos que las circunstancias particulares del delito requieran hacerla de otro modo, como cuando determinados hechos son necesarios para constituir el delito. *El Pueblo* v. *Ortiz,* 17 D. P. R., 898, y *El Pueblo* v. *Birrier,* 18 D. P. R., 270.

El otro motivo de error que se aduce es que el apelante no ha infringido ningún reglamento de sanidad ya que la prueba demuestra que los que construyen casas en sus terrenos son terceras personas, quienes serían las responsables y no el apelante. Lo que aparece de la prueba es que el denunciado arrienda solares de una finca de su propiedad en la que, en la fecha de la denuncia, se habían construído algunas casas y se estaban fabricando otras por personas que pagaban al propietario un arrendamiento por el suelo, siendo tal finca pantanosa y húmeda y no habiendo sido saneada previamente a esas edificaciones. Estos hechos demuestran claramente la infracción por el apelante de dicho reglamento

de Sanidad, ya que estaba destinando su finca a urbanización contra la prohibición de que esto se haga sin que el dueño la hubiera secado antes de que en ella se construyeran edificios. Y aun suponiendo que algunas de esas construcciones sean anteriores a la vigencia del reglamento por cuya infracción se le denunció, desde el momento en que éste empezó a regir no podía continuar destinándola a urbanización sin cumplir las prescripciones de ese reglamento. De su infracción es responsable el dueño que destina la finca a urbanización, bien arrendando solares o ya vendiéndolos, y no el arrendatario o comprador que construye, pues no son éstos los que han destinado la finca a ese fin sino el dueño de ella.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.